ALMON, Justice.
The Court of Civil Appeals affirmed that part of a judgment of the Circuit Court of Montgomery County holding A — 1 Bonding Company liable as surety on an appearance bond. The Court of Civil Appeals reached its decision by concluding “there is nothing in the record tending to show that these two arrests were for the same offense.” For other pertinent facts, see the opinion of the Court of Civil Appeals, [Ms. June 17, 1981; Reh. Overruled, August 19, 1981] 420 So.2d 778 (Ala.Civ. App.1981).
A-l Bonding Company filed a petition for writ of certiorari in this Court, alleging facts not contained in the opinion of the Court of Civil Appeals, which could be construed as refuting the conclusion reached by that court. The proper use of Rule 39(k), A.R.A.P., allows this Court to review the record on appeal to determine whether the Court of Appeals has properly construed the record.
We have gone to the record and have reached the conclusion that there is evidence in the record tending, although not conclusively, to show that the two arrests were for the same offense. Moreover, it appears that the State in its original brief conceded this to be the case.
Under the circumstances we think the proper course to follow is to remand the *782 cause to the circuit court to hold a hearing and determine whether the two arrests were for the same offense or not. If the arrests were for the same offense, then the circuit court should enter a judgment in favor of A-l Bonding Company. If they were not, then A-l Bonding Company would be bound to pay the original judgment.
If the State arrests a defendant a second time for the same offense and requires another appearance bond for his release, we know of no reason in law why the sureties on the first bond would not be exonerated by operation of law. There is no provision in law to require two appearance bonds for the same offense charged.
It is therefore the order of this Court that this cause be remanded to the Court of Civil Appeals with instructions to remand to the circuit court for a hearing to resolve the factual issue herein referred to.
REMANDED WITH INSTRUCTIONS.
TORBERT, C.J., and FAULKNER, JONES, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.