EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br>      Peticionario<br><br>                   v.<br><br>Eduardo Colón Rodríguez<br>        Acusado<br><br>Newport Bonding & Surety Co.<br>     Recurrida | Certiorari<br><br>2004 TSPR 16<br><br>160 DPR _____ |

Número del Caso: CC-1999-982


Fecha: 3 de febrero de 2004


Tribunal de Circuito de Apelaciones:
                    Circuito Regional V


Panel sustituto integrado por su Presidenta, Juez Rivera de Martínez y los Jueces Colón Birriel y Soler Aquino


Oficina del Procurador General:
                    Lcdo. Héctor Clemente Delgado
                    Procurador General Auxiliar


Abogado de la Parte Recurrida:
                    Lcdo. Luis Manuel Rodríguez López


Materia: Desacato Criminal



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico
    Peticionario

       v.

Eduardo Colón Rodríguez          CC-1999-982     Certiorari
    Acusado

Newport Bonding & Surety Co.
    Recurrida


Opinión del Tribunal emitida por el Juez Asociado SEÑOR CORRADA DEL RÍO

San Juan, Puerto Rico a 3 de febrero de 2004.

Nos corresponde determinar si la compañía fiadora Newport Bonding and Surety Co. "llevó al acusado ante el tribunal," según lo dispuesto por la Regla 227 (a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 227(a), cuando dicha entidad se limitó a localizar al acusado e informar al tribunal que éste se encontraba confinado fuera de Puerto Rico.

Por las razones que se discuten a continuación, resolvemos en la negativa.

I

El 24 de abril de 1996, el Tribunal de Primera Instancia, Sala de Comerío (en adelante, "TPI"), expidió una orden de arresto

contra el Sr. Eduardo Colón Rodríguez (en adelante, "el acusado") por haber incumplido con una orden emitida por dicho foro el 14 de junio de 1995.[1]  Tras ser arrestado, al acusado se le impuso una fianza de cinco mil dólares ($5,000.00), la cual fue prestada por la compañía de fianzas Newport Bonding & Surety Co. (en adelante, "Newport").  Posteriormente, el acusado fue citado a comparecer para la celebración de la vista sobre desacato, que se llevaría a cabo el 12 de junio de 1996. Sin embargo, éste no compareció a la referida vista, por lo que el TPI emitió una orden citando a Newport para que explicara los motivos de la incomparecencia del acusado, y mostrara causa por la cual no se debía confiscar la fianza.

Tras varios trámites procesales, la vista de confiscación de fianza se celebró casi dos años después de emitida dicha orden.[2]  En esa ocasión, Newport informó al tribunal que había localizado al acusado fuera de Puerto Rico, pero que las autoridades se negaban a extraditarlo.  Así pues, el TPI trasfirió la vista para el 24 de junio de 1998, a propósito de que la compañía

---

[1]  Surge del expediente que el acusado fue hallado culpable en otra causa que se llevaba en su contra.  Éste acudió ante el TPI para el acto de lectura de sentencia, pero abandonó los predios del tribunal antes de ser sentenciado a diez (10) años de prisión.  El TPI concluyó que el acusado se escapó con el propósito de eludir su responsabilidad con el tribunal.  *Véase* Apéndice, a la pág. 40.

[2] La vista se celebró el 22 de abril de 1998.  *Véase* Apéndice, a la pág. 38.

fiadora produjera evidencia de que el acusado efectivamente estaba bajo la custodia de las autoridades correspondientes en los Estados Unidos, y para hacer gestiones con la parte perjudicada en el caso. ***Sin embargo, Newport no compareció a la vista pautada, por lo que el tribunal ordenó la confiscación de la fianza*** y dictó sentencia en esa fecha, la cual se notificó el 17 de agosto de 1998.[3]

Así las cosas, el 21 de agosto de 1998, Newport presentó ante el TPI una *Moción para Solicitar el Relevo del Fiador*, en la cual reiteró que el acusado había sido localizado en los Estados Unidos por uno de sus agentes— el Sr. Felipe Rosario— y que estando prisionero en la ciudad de Lancaster, Pennsylvania,[4] lo que procedía era que el Gobierno de Puerto Rico realizara los trámites para extraditarlo, ya que ellos estaban impedidos de forzar la comparecencia física del acusado ante el tribunal. La compañía de fianzas alegó, además, que conforme a lo resuelto por este Tribunal en *Pueblo v. Cía. de Fianzas de P.R.*, 139 D.P.R. 206 (1995), al localizar al acusado, notificar de su paradero, y realizar las gestiones ante el Departamento de Justicia para su extradición, había cumplido con "llevarlo ante el

_____

[3] *Véase* Apéndice, a la pág.60.

[4] A pesar de que el TPI expresa en su Resolución de 24 de junio de 1998 que el acusado se encontraba en Nueva York, la dirección informada por Newport como el paradero

tribunal."[5]    En consecuencia, solicitó al TPI que, a tenor con lo dispuesto por la Regla 227(a) de Procedimiento Criminal, *supra*, dejara sin efecto la sentencia confiscatoria de fianza.

El TPI denegó la moción presentada por Newport mediante Resolución de 11 de junio de 1999. El foro primario señaló que *Pueblo v. Cía. de Fianzas de P.R.*, *supra*, era distinguible del caso de autos, ya que en aquella ocasión el acusado estaba confinado en una institución penal en Puerto Rico.  También expresó que ampliar lo resuelto en esa Opinión para incluir a un confinado de otra jurisdicción sería concederle un remedio a la fiadora por el mero hecho de que el acusado había sido encarcelado allí, y que la norma mayoritaria era la de no reconocer ese remedio.[6]

Inconforme, Newport recurrió al Tribunal de Circuito de Apelaciones (en adelante, "TCA"), foro que revocó la

_____

de éste—528 Pershing Ave., Lancaster— corresponde al estado de Pennsylvania. *Véase* Apéndice, a la pág. 58.

[5] En el citado caso, este Tribunal resolvió, en síntesis, que cuando el acusado se encuentra encarcelado por otros delitos en Puerto Rico, las gestiones del fiador de informar al tribunal su paradero y diligenciar la orden de arresto en la institución penal dentro de los cuarenta (40) días posteriores a la notificación de la sentencia de confiscación de la fianza tienen el efecto de "llevar al acusado a la presencia del tribunal." *Pueblo v. Cía. de Fianzas de P.R.*, *supra*, a la pág. 215.

[6] La norma mayoritaria en las jurisdicciones estatales de Estados Unidos establece que la encarcelación del acusado en otra jurisdicción **no** constituye una causa válida para dejar sin efecto la confiscación de la fianza.  *Véase* Lee R. Russ, *Bail: Effect on Surety's Liability under Bail Bond Principal's*

resolución del TPI y dejó sin efecto la sentencia confiscatoria de la fianza. El TCA determinó que la compañía de fianzas realmente "produjo" al acusado ante el tribunal, toda vez que realizó gestiones efectivas dentro y fuera de Puerto Rico para localizar al acusado, y gestionó ante el Departamento de Justicia la extradición de éste. Es decir, el TCA extendió la doctrina de *Pueblo v. Cía de Fianzas*, *supra*, a la situación de marras.

Insatisfecho con ese curso decisorio, el Procurador General comparece ante nos, aduciendo como único señalamiento de error que:

> **Erró el Honorable Tribunal de Circuito de Apelaciones, Circuito Regional V, al sostener que la información provista por la compañía fiadora recurrida sobre el supuesto paradero del acusado fuera de Puerto Rico equivale a cumplir con el requisito de producir a éste ante la presencia del Tribunal, lo cual justificaba la exoneración del pago de la fianza prestada.**

Mediante Resolución de 11 de febrero de 2000, expedimos el auto de *certiorari* solicitado. Examinados los alegatos sometidos por las partes, resolvemos.

II

En Puerto Rico, la fianza es un derecho de rango constitucional, Const. E.L.A., Art. II, § 11, íntimamente ligado a la presunción de inocencia. *Pueblo v. Martínez Hernández*, res. el 22 de enero de 2003, 158 D.P.R. ___ (2003), 2003 T.S.P.R. 3, 2003 J.T.S. 6. Ello así toda

_____

*Incarceration in other Jurisdiction*, 33 ALR 4th 663

vez que sería un contrasentido mantener encarcelada a una persona que se considera inocente, cuya culpabilidad corresponde al Ministerio Público probar, y que eventualmente puede ser exonerada. *Id.*, a la pág. 6.[7] Por consiguiente, en nuestra jurisdicción—distinto a la federal —no se puede legislar para autorizar la detención preventiva sin derecho a fianza. Ernesto L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, § 17.4, Volumen II, a la pág. 338 (Forum, 1995).[8]

El referido derecho se implementa en nuestro ordenamiento mediante el contrato de fianza. Éste, en esencia, es un acuerdo entre el fiador y el Estado mediante el cual aquél se compromete a garantizar la comparecencia del acusado durante todo el procedimiento criminal seguido en su contra. *Pueblo v. Martínez Hernández, supra*, a la pág. 6; *Pueblo v. Newport Bonding & Surety Co.* 145 D.P.R. 546 (1998); *Pueblo v. Félix Avilés*, 128 D.P.R. 468 (1991). Específicamente, el propósito fundamental de la fianza penal es garantizar la comparecencia del acusado a las órdenes, citaciones y

_____

(1984).

[7] Desde luego, si el acusado no presta la fianza impuesta, éste puede ser objeto de detención preventiva antes del juicio sin que ello implique violación constitucional. *Véase* Ernesto L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, § 17.1, Volumen II, a la pág. 321-322 (Forum, 1995).

[8] Dentro del contexto de la R. 218 de Procedimiento Criminal de Puerto Rico se puede regular la fianza y hasta imponer condiciones adicionales a ésta para la libertad en espera del juicio; lo que no se puede es

procedimientos del tribunal, incluyendo la vista preliminar (en casos pertinentes) y el pronunciamiento y

_____
eliminarla.  Ernesto L. Chiesa Aponte, *supra*, a la pág. 338.

ejecución de la sentencia. Regla 219 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; *Pueblo v. Soto Ortiz*, res. el 29 de junio de 2000, 151 D.P.R. ___ (2000), 2000 T.S.P.R. 108, 2000 J.T.S. 119; *Pueblo v. Félix Avilés*, *supra*; *Pueblo v. Cía. de Fianzas de P.R.*, *supra*; Olga E. Resumil, *Derecho Procesal Penal*, T. I, § 6.22. ***Conforme a dicho objetivo, hemos resuelto que la responsabilidad del fiador no se limita a la mera prestación de la fianza, sino que éste estará obligado a tomar parte activa en todo el proceso penal para estar al tanto del paradero del imputado de delito, y asegurar su sumisión al proceso criminal pendiente***. *Pueblo v. Martínez Hernández*, *supra*, a la pág. 7; *Pueblo v. Félix Avilés*, *supra*. En consecuencia, la incomparecencia del acusado a alguna de las instancias del proceso sin que medie razonable justificación, constituye causa suficiente para que se decrete la confiscación de la fianza a favor del Estado. *Pueblo v. Martínez Hernández*, *supra*, a la pág. 7; *Pueblo v. Newport Bonding & Surety Co.*, *supra.*

Por su parte, la Regla 227 de Procedimiento Criminal,[9] *supra*, prescribe el procedimiento a seguir

---

[9] Dicha Regla establece, en lo pertinente:

REGLA 227. FIANZA; PROCEDIMIENTO PARA SU CONFISCACION; INCUMPLIMIENTO DE CONDICIONES; DETENCION
(a) Fianza; confiscación. Si el acusado dejare de cumplir cualquiera de las condiciones de la fianza, el tribunal al que correspondiere conocer del delito ordenará a los fiadores o al depositante que muestren causa por la cual no deba confiscarse la fianza o el depósito. La orden se notificará personalmente o se remitirá por correo certificado a la dirección que se le conociere a los

continúa...

_____

...9 continuación

fiadores o a sus representantes, agentes o apoderados o al depositante. En los casos en que el fiador tenga un apoderado, agente o representante, la debida notificación a este último surtirá los mismos efectos que si se hiciera al fiador.

Si los fiadores o el depositante explicaren satisfactoriamente el incumplimiento en que se funda la orden, el tribunal podrá dejarla sin efecto bajo las condiciones que estimare justas.

De no mediar explicación satisfactoria para tal incumplimiento, el tribunal procederá a dictar sentencia sumaria contra los fiadores o el depositante confiscando el importe de la fianza o depósito pero la misma no será firme y ejecutoria hasta cuarenta (40) días después de haberse notificado. Si dentro de ese período los fiadores llevaren al acusado a presencia del tribunal, éste dejará sin efecto dicha sentencia.

Transcurrido el período antes prescrito y en ausencia de muerte, enfermedad física o mental del fiado sobrevenida antes de la fecha en que sea dictada la sentencia ordenando la confiscación de la fianza, el fiador responderá con su fianza por la incomparecencia del acusado al tribunal.

Convertida en firme y ejecutoria una sentencia confiscando la fianza o el depósito, el secretario del tribunal, sin necesidad de ulterior requerimiento, remitirá inmediatamente copia certificada de dicha sentencia al Secretario de Justicia para que proceda a la ejecución de la misma de acuerdo a la Regla 51 de Procedimiento Civil para el Tribunal General de Justicia, Ap. III del Título 32, e igualmente remitirá al Secretario de Hacienda el depósito en su poder.

Disponiéndose, que el tribunal a su discreción podrá dejar sin efecto la sentencia de confiscación en cualquier momento anterior a la ejecución de dicha sentencia, siempre que medien las siguientes circunstancias:

(1) Que los fiadores hayan producido al acusado ante el tribunal.

(2) Que el tribunal constate a su satisfacción el hecho anterior.

ante el incumplimiento de las condiciones de la fianza. La misma dispone que, en caso de que el imputado no compareciere, el tribunal emitirá una orden concediéndole oportunidad al fiador para que muestre causa por la cual no se deba confiscar la fianza acordada. *Pueblo v. Martínez Hernández*, *supra*, a la pág. 8; *Pueblo v. Newport Bonding & Surety Co.*, *supra*, a la pág. 557. ***De no mediar una explicación satisfactoria para el incumplimiento***, el tribunal procederá a dictar una sentencia sumaria contra el fiador y confiscará el importe de la fianza. *Id*. La sentencia en cuestión advendrá firme y ejecutoria pasados cuarenta (40) días de haberse dictado. ***No obstante, si dentro de ese período de cuarenta (40) días, el fiador llevara al acusado ante la presencia del tribunal, éste dejará sin efecto la sentencia dictada***. *Id*.; *Pueblo v. Cía de Fianzas*, *supra*, a la pág. 211. Transcurrido ese período, el tribunal podrá, a su discreción, dejar sin efecto el dictamen confiscatorio antes de su ejecución si mediaren las siguientes circunstancias: 1) el fiador produjo al acusado ante el tribunal, y así se hace constar; 2) la solicitud para que se deje sin efecto la sentencia confiscatoria fue presentada dentro de un

---

La solicitud para que se deje sin efecto la sentencia se hará mediante moción la cual se presentará dentro de un

continúa...
...9 continuación

término razonable pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden. Una moción a tales fines no afectará la finalidad de una sentencia, ni suspenderá sus efectos.

término razonable que nunca excederá de seis meses a partir de haberse registrado la sentencia u orden.

De otra parte, la Regla 225 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R.225, establece la manera en que se producirá la entrega del acusado al tribunal, disponiendo que:

> [c]on el objeto de llevar a cabo la entrega del acusado, los fiadores podrán en cualquier momento antes de haber sido finalmente exonerados, **y en cualquier lugar dentro del territorio del Estado Libre Asociado de Puerto Rico**, arrestarlo ellos mismos, o facultar para ello, por medio de una autorización escrita al dorso de la copia certificada de la fianza, a cualquier persona que tenga la edad y discreción suficientes (énfasis suplido).

Sobre este particular, en *Pueblo v. Cía de Fianzas*, *supra*, resolvimos que cuando un acusado está confinado por delitos distintos a los originalmente imputados, se entenderá que el fiador llevó al acusado ante el tribunal si informa el paradero del acusado y diligencia la correspondiente orden de arresto en la institución penal de que se trate. *Id*., a la pág. 215. A partir de allí, el superintendente de la institución penal queda habilitado para llevar al acusado a comparecer ante el tribunal inferior para la continuación del proceso en su contra. *Id*., a la pág. 216. En esa ocasión fundamentamos lo resuelto en que, al estar el fiado preso en una cárcel de Puerto Rico, las autoridades locales

podían gestionar fácilmente la comparecencia del acusado ante el tribunal. *Id.*

En el caso de autos, sin embargo, la situación de hechos difiere en algo sustancial: el acusado está recluido en una institución carcelaria en los Estados Unidos continentales, no en un presidio dentro de nuestra jurisdicción. En consecuencia, debemos resolver si esta importante circunstancia requiere que distingamos la situación de autos de la de *Pueblo v. Cía de Fianzas*, *supra*. Veamos.

### III

En este caso, Newport no cuestiona, como cuestión de derecho, el que se le haya confiscado la fianza ante la incomparecencia del acusado a la vista de desacato. La contención de Newport es que, a pesar de ello, según lo resuelto en *Pueblo v. Cía de Fianzas*, *supra*, procede dejar sin efecto la sentencia de confiscación de fianza toda vez que "llevó al acusado ante el tribunal" al notificar al TPI dentro del término de cuarenta (40) días dispuesto por la Regla 227(a), *supra*, que éste se encontraba recluido en un presidio de la ciudad de Lancaster, y realizó las gestiones necesarias para que se diligenciara su arresto.

Por el contrario, el Ministerio Público arguye que la situación de *Pueblo v. Cía de Fianzas*, *supra*, es distinguible de la que ahora nos ocupa. Aduce, en síntesis, que en dicho caso el imputado estaba apresado

dentro de los límites territoriales de Puerto Rico, por lo que nuestros tribunales tenían jurisdicción para requerir fácilmente la presencia física del imputado y continuar los procedimientos. Sin embargo, el Ministerio Público señala que tal accesibilidad no se encuentra presente en el caso de autos, toda vez que para que el Estado pueda procesar al acusado es necesario iniciar un procedimiento de extradición. Tiene razón el Ministerio Público.

En primer lugar, la Regla 225 de Procedimiento Criminal, *supra*, dispone las dos maneras en que la parte fiadora entregará al fiado ante el tribunal, a saber: 1) arrestándolo ellos mismos; y 2) facultando para ello, por medio de una autorización escrita al dorso de la copia certificada de la fianza, a cualquier persona que tenga la edad y discreción suficientes. No obstante, como resaltáramos en la sección anterior,[10] la Regla 225 claramente establece que las gestiones requeridas pueden realizarse en *"cualquier lugar del territorio del Estado Libre Asociado de Puerto Rico."* Por tanto, es forzoso concluir que la opción de facultar para el arresto en una jurisdicción fuera de Puerto Rico no está contemplada por la Regla 225, *supra*, como una de las formas que tiene el fiador de "llevar" al fiado ante el tribunal.

Por otro lado, distinto a *Pueblo v. Cía de Fianzas*, *supra*, el hecho de que Newport le indicara al tribunal

---

[10] *Véase* pág. 10, *supra*.

del paradero del acusado en nada resuelve el problema de que éste no se encuentra disponible para responder ante los tribunales de Puerto Rico. En el citado caso, expresamos que al localizar la fiadora al acusado y gestionar las órdenes de arresto, "el superintendente de la institución penal quedó facultado para llevar al acusado a comparecer ante el tribunal de instancia para la continuación de los procedimientos en su contra." *Pueblo v. Cía. de Fianzas*, *supra*, a la pág. 214. Ello no ocurre en este caso; aquí, las gestiones realizadas por Newport solamente dan lugar a que se inicie un proceso de extradición. ***Peor aún, dicho proceso genera una serie de gastos que requieren el desembolso de fondos del erario, por lo que resolver según lo intimado por Newport tendría el efecto adicional de <u>enriquecer a los fiadores por la labor de extradición que realizó el propio Estado</u>***.[11] Ello, obviamente, es radicalmente contrario al interés público.

Además de estos importantes fundamentos legales y de política pública, una cuestión de hecho adicional hace imperativo que distingamos la situación de autos de la de *Pueblo v. Cía de Fianzas*, *supra*. El contrato de fianza Núm. 25214 suscrito por Newport y el Estado el 1 de mayo de 1996, dispone que la fiadora

> responde de que el susodicho acusado comparecerá a contestar el citado cargo ante cualquier tribunal en que se

---

[11] *Pueblo v. Cía. de Fianzas.*, *supra*, a la pág. 221.

estuviere sustanciando y de que en todo tiempo estará pronto a acatar las órdenes y providencias del Tribunal, y que comparecerá a la vista preeliminar, hasta el pronunciamiento de la sentencia en los casos apropiados, y si fuere declarado culpable, y si dejare de estar y pasar por cualquiera de estas condiciones, la FIADORA se obliga a pagar al "ESTADO LIBRE ASOCIADO DE PUERTO RICO" la cantidad de $5,000.00 DOLARES.[12]

De la anterior disposición surge palmariamente que el proceso de extradición que la fiadora pretende que el Departamento de Justicia lleve a cabo para traer de regreso al acusado no es una obligación que haya asumido el Estado al momento de otorgar el contrato de fianza. Cuando un acusado queda libre bajo fianza, la custodia del acusado pasa a manos del fiador, lo que supone, a su vez, un deber fundamental de éste de entregar al acusado al tribunal cuando éste requiera su presencia.[13] *Como consecuencia, esta obligación presupone un alto grado de diligencia por parte del fiador, quien debe evitar que el acusado abandone injustificadamente la jurisdicción de Puerto Rico, y si ello acontece, debe desplegar todos sus recursos para encontrarlo y devolverlo a la custodia del tribunal.* Si la fiadora hubiese sido diligente, *como cabe esperar de una corporación que se dedica lucrativamente a ese negocio*, probablemente el acusado o no se hubiese escapado, o, simplemente hubiese sido

---

[12] *Véase* Apéndice, a las págs. 85-87.

[13] *Pueblo v. Cía de Fianzas*, *supra*, a la pág. 218.

localizado y arrestado antes de que cometiera nuevos delitos en otra jurisdicción.

Por tanto, concluimos que no abusó de su discreción el TPI al determinar que la fiadora Newport no llevó al acusado ante el tribunal.  En consecuencia, procede mantener en efecto la sentencia confiscatoria de fianza a favor del Estado.  Se revoca la sentencia recurrida.

Se dictará sentencia de conformidad.


                                        BALTASAR CORRADA DEL RÍO
                                             Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico
      Peticionario

            v.

Eduardo Colón Rodríguez         CC-1999-982      Certiorari
      Acusado

Newport Bonding & Surety Co.
      Recurrida


SENTENCIA

San Juan, Puerto Rico a 3 de febrero de 2004.

    Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca la sentencia recurrida.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente con opinión escrita. El Juez Asociado señor Rebollo López no intervino.


                         Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrente

       v.

Eduardo Colón Rodríguez

                                CC-1999-982    Certiorari

      Acusado

Newport Bonding & Surety Co.

    Recurrida

Opinión Disidente emitida por el Juez Asociado señor Rivera Pérez.

San Juan, Puerto Rico, a 3 de febrero de 2004.

En el presente caso, la Mayoría distingue y no aplica lo resuelto por este Tribunal en Pueblo v. Cía. de Fianzas de P.R., 139 D.P.R. 206 (1995) al cuadro fáctico de autos. Resuelve que, distinto a los hechos presentes, ese caso resuelto por este Tribunal, en el que el acusado estaba recluido en una institución penal en Puerto Rico por la comisión de unos delitos distintos a los que dieron lugar a la prestación de la fianza; en este caso el acusado estaba recluido en una institución penal en el estado de Pennsylvania por la comisión de unos

delitos distintos a los que dieron lugar a la prestación de la fianza. Concluye la Mayoría que, el hecho de que Newport Bonding & Surety Co. (de ahora en adelante Newport) le informara al Tribunal de Primera Instancia del paradero del acusado en una institución penal en el estado de Pennsylvania en nada resuelve el problema de que éste no se encuentra disponible para responder ante los tribunales de Puerto Rico. Distingue el presente cuadro fáctico del caso de <u>Pueblo v. Cía. de Fianzas de P.R.</u>, supra. Expresa que en este último la fiadora, Cía de Fianzas de P.R. localizó al acusado en una institución penal localizada en Puerto Rico, y al gestionar las órdenes de arresto sobre el superintendente de esa institución penal éste quedó facultado para llevar al acusado a comparecer ante el Tribunal de Primera Instancia para la continuación del procedimiento de naturaleza criminal pendiente en su contra. Puntualiza, que ello no ocurre en el caso de autos, pues las gestiones realizadas por Newport que produjeron la localización del acusado en una institución penal en el estado de Pennsylvania sólo podría dar lugar a que se inicie un proceso de extradición, que genera una serie de gastos para el erario público. Concluye, además, que cancelar la fianza prestada por Newport y exonerarlo tendría el efecto de enriquecer injustamente a los fiadores por la labor de extradición realizada por el Estado,

constituyendo tal situación una radicalmente contraria al interés público.

Disiento del curso de acción de la Mayoría por no presentar este caso la situación contraria al interés público expresada, a tenor con lo resuelto en Pueblo v. Cía. de Fianzas de P.R, supra. Veamos.

En Pueblo v. Cía. de Fianzas de P.R., supra, págs. 214-215, expresamos como fundamento central para la formulación de la norma allí pautada lo siguiente:

> Resolvemos que cuando el acusado se encuentre encarcelado por otros delitos, las gestiones de informar al tribunal su paradero y diligenciar la orden de arresto en la institución penal, dentro de los cuarenta (40) días posteriores a la notificación de la sentencia de confiscación de la fianza, tienen el efecto de "llevar al acusado a presencia del tribunal" para propósitos de la Regla 227 de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Concluir que la referida regla sólo permite relevar al fiador del pago de la fianza mediante el arresto del acusado y su entrega física al tribunal por el propio fiador, no promovería que éste informe al tribunal del paradero del acusado en un caso como el de marras, en que no le era posible obtener su custodia física. Interpretamos de manera amplia la frase "llevar al acusado a presencia del tribunal" contenida en la Regla 227 de Procedimiento Criminal, *supra*, con el propósito de promover que los fiadores realicen, directa o indirectamente, las gestiones necesarias para asegurar la comparecencia del acusado al juicio.
>
> Al amparo de la interpretación anterior concluimos que, en el caso de autos, la fiadora logró interrumpir el término para que la sentencia confiscatoria se convirtiera en firme y

ejecutoria. El Tribunal Superior pudo reactivar el caso contra el acusado por las diligencias de la fiadora, ya que, antes de éstas, el tribunal no tenía conocimiento del paradero del acusado. Fue precisamente por la gestión de la fiadora que el acusado compareció ante el tribunal a quo el 7 de junio de 1993. Luego, el 17 de agosto de 1993, el acusado hizo una alegación de culpabilidad tanto por los delitos por los cuales fue fiado en el caso de epígrafe, como por los delitos por los que fue encarcelado posteriormente.

El curso normativo dispuesto por la Mayoría en este caso promueve el indeseado efecto de que los fiadores no habrían de informar al Tribunal de Primera Instancia del paradero del acusado cuando éste se encuentre recluido en una institución penal localizada en los estados de la Unión. Si se le ha de confiscar la fianza, irrespectivamente de que realicen tal gestión, cuál es el incentivo del fiador para localizar al acusado cuando ello implica incurrir en un gasto adicional al importe de la fianza prestada a ser confiscada, que es el límite máximo de su obligación contractual. Nos parece mas ajustado al interés público que el fiador, en un caso como el presente, sufrage los gastos de extradición incurridos por el Estado, así como cualquier otro relacionado, y se cancele la fianza y se produzca su exoneración una vez el acusado se encuentre bajo la jurisdicción y custodia de los tribunales de Puerto Rico. No encontramos razón alguna para que una vez el fiador produzca la certificación correspondiente sobre la reclusión del acusado en una institución penal de un estado de la Unión no tenga el mismo efecto interruptor del término

para que la sentencia confiscatoria se convierta en final y firme que cuando produce una certificación sobre reclusión del acusado en una institución penal en Puerto Rico.[14]

                              II

    Por todo lo anterior, muy respetuosamente disiento.


                         Efraín E. Rivera Pérez
                         Juez Asociado

---

[14] De ascender la cuantía de los gastos del proceso de extradición, a una cantidad mayor que la fianza prestada no podría imponerse una obligación mayor al fiador que el importe de la fianza prestada.