EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AGUSTÍN DEL VALLE, acusado, AGUSTÍN VÉLEZ CRUZ Y MARCELINA FRANQUI VEGA, fiadores y apelantes.

No. 2726.—*Visto:* Abril 29, 1926. *Resuelto:* Mayo 19, 1926.

1. FIANZA *(Bail)*—EN PROCESOS CRIMINALES—ACCIONES SOBRE FIANZAS PRESTADAS EN CAUSAS CRIMINALES—APELACIÓN—RESOLUCIONES APELABLES. — El procedimiento para confiscar y hacer efectiva una fianza prestada en causa criminal es apelable.

2. FIANZA *(Bail)*—EN PROCESOS CRIMINALES—ACCIONES SOBRE FIANZAS PRESTADAS EN CAUSAS CRIMINALES—NATURALEZA DEL REMEDIO.—El procedimiento especial para declarar confiscada una fianza y para hacerla efectiva tiene carácter civil aunque se haya prestado la fianza en un proceso criminal.

3. FIANZA *(Bail)*—EN PROCESOS CRIMINALES—ACCIONES SOBRE FIANZAS PRESTADAS EN CAUSAS CRIMINALES—APELACIÓN—REVISIÓN.—Unos fiadores se obligaron, mediante fianza, a responder de la comparecencia del acusado, entre otros casos, si la sentencia fuera revocada y se ordenare la celebración de un nuevo juicio. Revocada la sentencia y devuelto el caso para ulteriores procedimientos, el acusado no compareció una vez citado, se decretó la confiscación de la fianza y se alega que dicha confiscación fué errónea. *Se resolvió:* que como, los procedimientos ulteriores dan lugar a un nuevo juicio, los fiadores venían obligados por su fianza, y la confiscación decretada no fué errónea.

ORDEN de *Tomás Bryan,* J. (Aguadilla) confiscando la fianza prestada por los fiadores. *Confirmada.*

*Rafael Padró Parés,* abogado de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por Agustín Vélez

Cruz y por Marcelina Franqui Vega contra resolución de la Corte de Distrito de Aguadilla que decretó la confiscación de la fianza que prestaron para que Agustín del Valle estuviera en libertad mientras se tramitaba su apelación ante este Tribunal Supremo contra sentencia condenatoria en un proceso criminal que contra él sigue El Pueblo de Puerto Rico por delito de adulterio.

Por virtud de esa fianza los apelantes se comprometieron "a entregar al dicho acusado en cumplimiento de dicha sentencia si fuere confirmada o modificada, o en caso de que la sentencia fuere revocada y se ordenare la celebración de un nuevo juicio a que el referido acusado Agustín del Valle comparecerá ante el tribunal al que la causa haya sido remitida y se someterá a las órdenes e intimidaciones de la misma. . . . ."

La sentencia apelada por Agustín del Valle fué revocada por este Tribunal Supremo y se devolvió el caso a la corte inferior para ulteriores procedimientos no incompatibles con la opinión en que se fundó, de la cual resulta que la acusación hecha contra del Valle no imputaba delito porque siendo soltera la mujer con quien se alegó fué cometido el adulterio no expresaba que el acusado era casado, y que si bien para suplir la falta de ese requisito esencial en la acusación el fiscal solicitó y obtuvo permiso de la corte en el juicio para agregar a ella las palabras "siendo casado," la concesión de ese permiso fué errónea porque después que una acusación ha sido enmendada en un aspecto substancial el acusado no debe ser llevado a juicio sin la previa lectura y sin darle oportunidad para hacer su alegación.

Después de haber sido comunicada nuestra sentencia a la corte inferior se expidió citación al acusado Agustín del Valle para que compareciera a la lectura de la acusación y se notificó a sus fiadores para que lo hicieran comparecer, y por no haber comparecido el acusado el día que fué señalado se decretó la confiscación de la fianza.

[1, 2] Aunque el fiscal sostiene en su alegato la cuestión de que no es apelable la resolución contra la cual se ha interpuesto este recurso porque en los procesos criminales sólo pueden apelar el acusado o El Pueblo de Puerto Rico en los casos determinados en los artículos 347 y 348 del Código de Enjuiciamiento Criminal, entendemos que la cuestión que se ventila en esta apelación es un procedimiento especial para declarar confiscada una fianza y para hacerla efectiva por lo que tiene carácter civil, aunque se haya prestado la fianza en un proceso criminal, y por tanto es apelable.

[3] Sostienen los apelantes que su fianza fué erróneamente confiscada porque se comprometieron a que el acusado comparecería en la corte en caso de que la sentencia hubiera sido confirmada o modificada o en caso de que la sentencia fuera revocada y se ordenara la celebración de un nuevo juicio, pero que como nuestra sentencia si bien revoca la apelada no ordenó la celebración de un nuevo juicio sino que devolvió el caso para ulteriores procedimientos, no están obligados por su fianza a responder de la comparecencia del acusado.

Es cierto que la sentencia que dictamos en la apelación de Agustín del Valle si bien revoca la sentencia apelada no ordena de una manera expresa la celebración de un nuevo juicio, pero como dispuso que la revocación era para ulteriores procedimientos, en éstos cabe la celebración de un nuevo juicio. Prácticamente lo que resolvimos fué que siendo substancial la enmienda hecha por el fiscal a la acusación durante el juicio éste no debió celebrarse sin la lectura de la acusación enmendada para que el acusado pudiera alegar contra ella, siendo éstos los ulteriores procedimientos que darían lugar a un nuevo juicio.

*Por las razones expuestas la resolución apelada debe ser confirmada.*