BEATTY, Justice.
Petitioner appeals from the trial court’s refusal to grant his petition for a writ of mandamus to compel the respondent sheriff to issue him a license to carry a pistol. We affirm.
Petitioner, Karl Lee Hess, applied for a license to carry a pistol in Montgomery County on May 28, 1979. The respondent, Sheriff Mac Sim Butler of Montgomery County, refused to issue the license, allegedly because petitioner had several times been arrested for and convicted of violations of the state obscenity laws. See 1978 Ala. Acts, No. 678 (now codified at Code of 1975, §§ 13A-12-130 et seq.). It is uncontrovert-ed that Hess has been convicted of violating various obscenity laws in several different locations, both in Alabama and elsewhere; Hess testified, however, that he has never been convicted of a felony or a “crime of violence” [see Code 1975, § 13-6-150(2)]. He also stated at trial that he is neither a drug addict nor an habitual drunkard [see Code of 1975, § 13-6-152(b)]. Finally, Hess maintained that he had been accepted for a job as a security guard contingent upon his obtaining a pistol permit. At the conclusion of petitioner’s testimony, the trial court denied the relief sought.
The only issue for our determination is whether the trial court erred in failing to require the respondent to issue the license. Petitioner alleges that Sheriff Butler’s refusal to grant his request for the license was an abuse of discretion under Code of 1975, § 13-6-155 and that, accordingly, the trial court’s denial of mandamus was improper. We disagree.
It is axiomatic that mandamus is a drastic and extraordinary writ reserved for genuinely extraordinary cases. See, e. g., Folmar v. Brantley, 238 Ala. 681, 193 So. 122 (1939). Mandamus should be granted only where there is a clear legal right in the petitioner to the order sought and a refusal by the respondent to perform an imperative duty. Martin v. Loeb and Co., Inc., Ala., 349 So.2d 9 (1977). A writ of mandamus “does not lie to compel an officer to issue a license where the performance of that duty rests upon an ascertainment of facts or the existence of conditions, to be determined by such officer, in his judgment or discretion.” Barnes v. State ex rel. Ferguson, 274 Ala. 705, 151 So.2d 619 (1963). Only if the licensing officer’s judgment or discretion is abused and exercised in an arbitrary and capricious manner will mandamus lie. See Ex parte Morrow, 259 Ala. 250, 66 So.2d 130 (1953).
 Code of 1975, § 13-6-155, the statute governing the issuance of licenses to carry a pistol, provides:
The sheriff of a county may, upon the application of any person residing in that county, issue a qualified or unlimited license to such person to carry a pistol in a vehicle or concealed on or about his person within this state for not more than one year from date of issue, if it appears that the applicant has good reason to fear injury to his person or property or has any other proper reason for carrying a pistol, and that he is a suitable person to be so licensed. The license shall be in triplicate, in form to be prescribed by the secretary of state, and shall bear the name, address, description and signature of the licensee and the reason given for desiring a license. The original thereof shall be delivered to the licensee, the duplicate shall, within seven days, be sent by registered or certified mail to the director of public safety and the triplicate shall be preserved for six years by the authority issuing the same. The fee for issuing such license shall be $1.00 which shall be paid into the county treasury. The sheriff may revoke a license upon proof that the licensee is not a proper person to be licensed.
The statute obviously accords to the sheriff some measure of discretion in determining whether the applicant for a license to carry *1261 a pistol “is a suitable person to be so licensed.” On this record we are unable to say that the respondent abused his discretion or that the refusal to grant petitioner a license to carry a pistol was arbitrary or capricious in light of the undisputed evidence that the petitioner has been repeatedly convicted of violating the criminal laws of this state. As a result, the trial court’s denial of the writ must be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.