WRIGHT, Presiding Judge.
This is an appeal from the denial of a petition for a writ of mandamus. The circumstances surrounding this appeal are highly unusual.
Maurico Noguera was arrested and charged with trafficking in cocaine on January 2,1981. Bail for his release was set at $100,000. Noguera was released on January 23, 1981, after cash in that amount was deposited with the Houston County district court in lieu of an appearance bond. A cashier’s check from David R. Serns, appellant herein, was noted on the criminal fee sheet as the source of the cash deposit. Serns is defendant’s father-in-law. The fee sheet also set out that the cash was received from Jaime Noguera, the defendant’s father, via attorney Wade Baxley. The father signed the appearance bond along with his son. On January 27, 1981, defendant Noguera moved that the district court change the conditions of the January 23 “Order of Release” which prohibited the defendant’s leaving the State of Alabama. The district court granted the motion and modified the “Order of Release” to allow Noguera to live with his wife in Tallahassee, Florida, provided that he report to the district court in person once a week. The district court also granted defendant’s request that the cash bond be deposited in an interest-bearing account with such interest payable to the defendant’s father upon fulfillment of the conditions of the modified “Order of Release.”
Upon defendant’s failure to report weekly in person, a conditional forfeiture of the cash bond was ordered February 23, 1981, along with an “Alias Writ of Arrest.” A final forfeiture for the full amount plus interest accrued on the cash deposit was ordered March 30, 1981. That same day, a motion was filed in the district court asking that the interest earned be paid to the “surety” in the cause of State of Alabama v. Maurico Noguera. David R. Serns, appellant herein, claimed the interest as “surety” of the cash appearance bond on *87 the grounds that “said $100,000 cash deposit came through the offices of David R. Serns, Attorney at Law, North Miami Beach, Florida.” Serns also asserted that the law of Alabama does not provide for forfeiture in excess of the principal sum of the cash bail and that the state is not entitled to recover interest on appearance bonds. The district court denied the motion to pay the interest to Serns on March 30, 1981.
Serns filed a petition for writ of mandamus in the Circuit Court of Houston County on June 9, 1981, some seventy-one days after the district court’s denial of his motion and order of final forfeiture. No appeal was taken. The circuit court denied his petition for writ of mandamus on July 31, 1981. From that order, Serns appeals.
The circuit court stated several grounds for dismissal of Serns’ petition. Among those were:
(9)That, further, the Petitioner, David R. Serns, does not have standing to bring this action as he is not a proper party.
(10) That the Petitioner, David R. Serns, has suffered no property nor personal loss, therefore, he is without standing to complain.
(11) That the Petitioner, David R. Serns, has no standing at all since all bond monies deposited were deposited in the name of Maurico Noguera.
Much emphasis is placed on standing in this case, but we do not find that to be the dispositive issue. If Serns had standing to file a claim for the interest earned on the cash bond, his remedy upon denial of the claim was an appeal to the circuit court within fourteen days. § 12-12-70 Code (1975). Mandamus does not lie where there is an adequate remedy by appeal and cannot be used as a substitute therefor. Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala.1979).
On the other hand, if Serns did not have standing, he was not a proper party to petition for writ of mandamus, and the circuit court properly dismissed his petition. Mandamus is an extraordinary writ that should be used only under unusual circumstances. Petitioner must show a clear legal right to mandamus and a refusal by the respondent to perform an imperative duty. See, Hess v. Butler, 379 So.2d 1259 (Ala.1980). “An indispensable requirement for mandamus is the presence of a right in the applicant to the thing applied for.” Campbell v. City of Hueytown, 289 Ala. 388, 268 So.2d 3 (1972).
Either way, the order of the circuit court dismissing the petition was correct.
We pretermit the issue of whether the interest earned on the cash bond should be forfeited to the State. That issue is not properly before us at this time.
The State’s request for sanctions under Rule 38, A.R.A.P. is denied.
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.