ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| **ISLAND PORTFOLIO SERVICES, LLC. Como agente de FAIRWAY ACQUISITIONS FUND, LLC**<br><br>Apelante<br><br>v.<br><br>**LUIS DE LA VEGA TRIFILIO**<br><br>Apelado | TA2025AP00506 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Guaynabo**<br><br>Civil Núm.: **SJ2022CV06724**<br><br>Sobre: Cobro de Dinero Ordinario |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece Island Portfolio Services, LLC (Island Portfolio o parte apelante), como agente de Fairway Acquisitions Fund, LLC. (Fairway), mediante un recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo, el 1 de octubre de 2025.[1] Mediante dicho dictamen, el foro primario declaró No Ha Lugar la demanda por falta de jurisdicción, ante la ausencia de parte indispensable.

Por los fundamentos que expondremos a continuación, modificamos la *Sentencia* apelada.

### I.

El caso de marras tiene su génesis el 27 de julio de 2022 cuando la parte apelante, como agente gestor de Fairway, presentó una *Demanda* en concepto de cobro de dinero por la vía sumaria en

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) del TPI, Entrada Núm. 86. Notificada y archivada en autos el 1 de octubre de 2025.

contra del señor Luis De La Vega Trifilio (Sr. De La Vega Trifilio o apelado).[2] La parte apelante alegó que el Sr. De La Vega Trifilio solicitó del Banco Popular de Puerto Rico (BPPR) la extensión de un crédito por medio de una cuenta de tarjeta de crédito. Sostuvo que, por medio de una cesión realizada el 21 de enero de 2021, Fairway adquirió todos los derechos, títulos e intereses sobre la mencionada cuenta, conforme al *Bill of Sale and Assignment of Accounts*. Asimismo, expuso que, según los términos y condiciones del contrato, se aceleró el término de pago por lo que le adeudaba a la parte apelante la cantidad de $12,401.79 por concepto de principal. Por tal razón, solicitó del foro primario que ordenara al Sr. De La Vega Trifilio a pagar dicha cuantía, al igual que los intereses al tipo legal, las costas, los gastos y la suma del 10% del total adeudado por honorarios de abogado.

Por su parte, el 25 de septiembre de 2023, el Sr. De La Vega Trifilio presentó su *Contestación a la Demanda* en la que adujo que no existía un contrato entre las partes.[3]

Tras múltiples trámites procesales, el foro primario celebró el Juicio en su Fondo el 9 de septiembre de 2025 donde se marcaron un total de ocho (8) *exhibits* y testificaron tanto el Sr. De La Vega Trifilio como el señor Kelvin Manuel Rosa Vélez (Sr. Rosa Vélez), representante de la parte apelante.[4]

El 1 de octubre de 2025, el TPI emitió una *Sentencia* en la que declaró No Ha Lugar la demanda presentada por la parte apelante por carecer de jurisdicción ante la ausencia de parte indispensable.[5] Fundamentó su determinación en que correspondía a la parte reclamante demostrar la acreencia de una deuda exigida por un tercero. En cambio, expresó que toda la prueba requerida para ello

---

[2] *Íd.*, Entrada Núm. 1; véase además, *Íd.*, Entradas Núms. 11 y 12. El 15 de noviembre de 2022, el foro primario convirtió el caso a uno de cobro ordinario.
[3] *Íd.*, Entrada Núm. 27.
[4] *Íd.*, Entrada Núm. 84.
[5] *Íd.*, Entrada Núm. 86.

estaba en manos de un tercero que no era parte ni testigo del caso de epígrafe. A su vez, estableció que la señora Brenda Fernández, quien fue esposa del Sr. De La Vega Trifilio hasta el mes de marzo de 2025, no fue incluida como parte en el presente pleito, cuando constituía parte indispensable por surgir su nombre de los estados de cuenta en cuestión, junto al nombre del Sr. De La Vega Trifilio.

Inconforme, la parte apelante presentó ante nos un recurso de apelación el 31 de octubre de 2025 y planteó los siguientes señalamientos de error:

**PRIMER ERROR: INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO DE CONFORMIDAD CON LA REGLA 39.2 DE PROCEDIMIENTO CIVIL, CONTRA LA PARTE *DEMANDANTE-APELANTE*, ENTENDIENDO QUE HABÍA FALTA DE PARTE INDISPENSABLE, EN CLARO MENOSPRECIO DE LA JURISPRUDENCIA APLICABLE EN LOS CASOS QUE ENFATIZAN EL DERECHO DEL ACREEDOR A ESCOGER CUALQUIERA DE LOS DEUDORES Y SIN LA PARTE DEMANDADA-APELADA DEMOSTRAR QUE EXISTÍA UNA *SOCIEDAD LEGAL DE BIENES GANANCIALES* AL MOMENTO DE ATENDER EL JUICIO EN SU FONDO NI CUANDO SE DICTÓ *SENTENCIA*.**

**SEGUNDO ERROR: INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO APLICAR CORRECTAMENTE LA EXCEPCIÓN DE PRUEBA DE REFERENCIA ESBOZADAS EN LA REGLA 805(F) Y 902(K) DE LA DE DERECHO PROBATORIO, AL NO BRINDARLE LA CREDIBILIDAD NECESARIA AL TESTIGO, QUIEN ES CUSTODIO DE LOS EXPEDIENTES Y RÉCORD DE NEGOCIOS; Y DETERMINAR CON ELLO QUE SU TESTIMONIO ERA PRUEBA DE REFERENCIA. EN CLARO MENOSPRECIO DE LAS PRESUNCIONES ESTABLECIDAS EN LA REGLA 302 DE LAS DE DERECHO PROBATORIO PARA CASOS CIVILES Y LA REGLA 304 (18), (19) Y (23) E INCLUSIVE LA REGLA 602 DE LAS DE DERECHO PROBATORIO.**

**TERCER ERROR: INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA EN ABUSO DE SU DISCRECIÓN Y REALIZÓ UN ERROR MANIFIESTO EN *DERECHO*. AL APLICAR INCORRECTAMENTE EL *DERECHO* ESBOZADO EN LAS REGLAS DE DERECHO PROBATORIO (EVIDENCIA), PROCEDIMIENTO CIVIL Y CÓDIGO CIVIL APLICABLE AL ACEPTAR OCHO (8) *EXHIBITS* EN EVIDENCIA Y NO DARLES NINGÚN VALOR PROBATORIO.**

Por su parte, el Sr. De La Vega Trifilio presentó una *Oposición a recurso de apelación* el 15 de enero de 2026. En síntesis, sostuvo que el foro primario correctamente determinó ausencia de parte indispensable debido a que la Sociedad de Bienes Gananciales compuesta por el Sr. De La Vega Trifilio y la Sra. Fernández no estaba liquidada. Lo anterior, pues expresó que cualquier adjudicación sobre una deuda que afectara el caudal ganancial o post ganancial requería de la presencia de ambos titulares. Por otro lado, indicó que la parte apelante no cumplió con la carga probatoria debido a que el *Bill of Sale Excerpt* fue preparado por el Sr. Rosa Vélez tiempo después de la transacción original y, consecuentemente, carecía de confiabilidad. Además, incoó que, según la prueba desfilada durante el juicio, la parte apelante no efectuó un aviso razonable al Sr. De La Vega Trifilio, puesto que el aviso de cobro fue cursado a un apartado postal clausurado. Por lo tanto, expuso que, ante la ausencia de falta indispensable e insuficiencia de la prueba, procedía que confirmáramos la determinación apelada.

**II.**

**A.**

"La indispensabilidad de una parte deviene del mandato constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 6ª ed. rev., San Juan, LexisNexis de Puerto Rico, 2017, pág. 165. Este precepto, conforme a la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 16.1, trata de "personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, [por tanto,] se harán partes y se acumularán como demandantes o demandadas, según corresponda".

En cuanto a la ausencia de parte indispensable, nuestro más alto foro ha enfatizado que por ser un interés tan fundamental, la comparecencia de la parte constituye una defensa irrenunciable que puede presentarse en cualquier momento e incluso los tribunales apelativos podemos levantarla *motu proprio. Departamento de Asuntos del Consumidor v. Luma Energy, LLC*, 2025 TSPR 126, pág. 15; véase además, Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2. Ello, pues "toda sentencia dictada en ausencia de una parte indispensable es nula, pues priva al tribunal de jurisdicción sobre la persona sobre la cual se pretende hacer valer un dictamen". *Departamento de Asuntos del Consumidor v. Luma Energy, LLC, supra,* pág. 15. Es harto conocido que la ausencia de jurisdicción conlleva varias consecuencias; a saber, "que no sea susceptible de ser subsanada; que las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; la nulidad de los dictámenes emitidos; la imposición a los tribunales del ineludible deber de auscultar su propia jurisdicción; la obligación a los tribunales apelativos de examinar la jurisdicción del foro de donde procede el recurso[;] y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*". *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 386 (2020). Nótese, no obstante, que la desestimación por dejar de acumular a una parte indispensable no tiene el efecto de una adjudicación en los méritos. Regla 39.2 de Procedimiento Civil, *supra*, R. 39.2.

Ahora bien, al momento de determinar si una persona es parte indispensable en un pleito, "se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. A tal efecto, el tribunal deberá examinar los intereses implicados y distinguir entre los diversos géneros de casos. Ello 'exige una evaluación jurídica de factores tales como tiempo, lugar, modo,

alegaciones, prueba, clases de derechos, intereses en conflicto, resultado y formalidad'. A su vez, se deberá auscultar si el tribunal 'podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente'". *FCPR v. ELA et al.*, 211 DPR 521, 531-532 (2023) (citas omitidas).

Sin embargo, no toda parte que tenga derecho a comparecer o solicitar intervención en un caso es parte indispensable. En cambio, es aquella persona que tiene un interés común en el pleito; es decir, este debe ser real e inmediato, y no puede estar basado en especulaciones ni eventos futuros. *García Colón v. Sucn. González*, 178 DPR 527, 548-549 (2010).

### B.

En cuanto al régimen económico, la Sociedad Legal de Bienes Gananciales constituye una entidad con personalidad jurídica propia y separada de los dos miembros que la componen. *Torres Zayas v. Montano Gómez*, 199 DPR 458, 466 (2017). Bajo este régimen, la comunidad ganancial no está adscrita a cuotas específicas de los cónyuges, sino que se trata de titulares conjuntos sin especial distribución de cuotas. *Betancourt González v. Pastrana Santiago*, 200 DPR 169, 178 (2018).

En particular, el Artículo 1301 del Código Civil de 1930, *supra*, ant. sec. 3641, indica qué son bienes gananciales:

> **(1)** Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.
> **(2)** Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.
> **(3)** Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.

> Véase además, Artículo 513 del Código Civil de 2020, *supra*, 6965.

En cuanto a las cargas de la Sociedad de Gananciales, el Artículo 1308 del Código Civil de 1930, *supra*, ant. sec. 3661, reza como sigue:

Serán de cargo de la sociedad de gananciales:

**(1) Todas las deudas y obligaciones contraídas durante el matrimonio por cualquiera de los cónyuges.**

**(2)** Los atrasos o créditos devengados durante el matrimonio, de las obligaciones a que estuviesen afectos así los bienes propios de los cónyuges como los gananciales.

**(3)** Las reparaciones menores o de mera conservación hechas durante el matrimonio en los bienes peculiares de cualquiera de los cónyuges. Las reparaciones mayores no serán de cargo de la sociedad.

**(4)** Las reparaciones mayores o menores de los bienes gananciales.

**(5)** El sostenimiento de la familia y la educación de los hijos comunes y de cualquiera de los cónyuges.

**(6)** Los préstamos personales en que incurra cualquiera de los cónyuges.

(Énfasis suplido); véase además, Artículo 520 del Código Civil de 2020, *supra*, 6981.

Ahora bien, como es sabido, el divorcio conlleva la terminación del régimen de la Sociedad Legal de Bienes Gananciales. Sin embargo, la liquidación de los bienes no siempre ocurre simultáneamente con la disolución del matrimonio. En ocasiones, sobreviene un periodo en el que se mezclan y confunden los bienes de los de los excónyuges hasta que se liquida finalmente la *comunidad de bienes postganancial* que se crea entre ellos una vez ocurre el divorcio. *Betancourt González v. Pastrana Santiago, supra*, pág. 178. Por tal razón, durante la vigencia de la comunidad de bienes postganancial, ninguno de los cónyuges puede tener control total de la comunidad. En cambio, cada comunero tiene derecho al disfrute de los bienes comunes y, consecuentemente, a la coadministración del caudal común. *Betancourt González v. Pastrana Santiago, supra*, pág. 180.

En diversas situaciones, el Tribunal Supremo ha exigido la acumulación de una parte indispensable. En el caso de la Sociedad Legal de Bienes Gananciales ha sostenido la necesidad de la inclusión de ambos cónyuges como parte indispensable, " 'en acciones que afecten el patrimonio de la sociedad de gananciales obviando el riesgo de nulidad, ante la posibilidad de que la defensa eficiencia, o la existencia de incompatibilidad entre los cónyuges respecto a la defensa de su interés dentro de una sociedad que ambos gobiernan con igual autoridad' ". *Rodríguez Rodríguez v. Moreno Rodríguez*, 135 DPR 623, 628 (1994) (*citando a Alicea Álvarez v. Valle Bello*, 111 DPR 847, 854 (1982)).

### III.

En el caso de marras, la parte apelante nos planteó tres señalamientos de error. Primero, sostuvo que el foro primario incidió al desestimar el pleito por ausencia de parte indispensable, cuando el Sr. De La Vega Trifilio era el deudor principal; no demostró la existencia de una Sociedad Legal de Bienes Gananciales y; por consiguiente, la parte apelante tenía derecho a decidir contra cuál de los deudores ir. Segundo, arguyó que el TPI erró al no brindarle credibilidad al testigo de la parte apelante y considerar como prueba de referencia un récord de negocio en contravención del derecho probatorio aplicable. Por último, indicó que el foro primario abusó de su discreción al aceptar ocho (8) documentos en evidencia y no otorgarle valor probatorio.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario no incurrió en los errores señalados.

Tal como pormenorizamos anteriormente, una vez ocurre el divorcio, se produce la disolución del matrimonio y la terminación del régimen ganancial. <u>Sin embargo, la liquidación de los bienes no necesariamente ocurre de manera simultánea.</u> Por el contrario, suele existir un periodo en el que los bienes de los excónyuges

permanecen mezclados hasta su liquidación. *Betancourt González v. Pastrana Santiago, supra,* pág. 178. <u>Específicamente, durante ese periodo surge una comunidad de bienes postganancial, respecto a la que **ambos excónyuges** ostentan derechos de administración activa, incluyendo el pago de deudas, cargas y obligaciones necesarias para la exigencia de su liquidez.</u> En ese contexto, nuestro más alto foro ha reiterado la importancia de incluir a ambos cónyuges como partes en los pleitos en los que se involucren bienes gananciales, dado el interés común que les asiste como comuneros. *Rodríguez Rodríguez v. Moreno Rodríguez, supra.*

En el presente caso, surge de la transcripción del juicio celebrado el 9 de septiembre de 2025, que la parte apelante presentó estados de cuenta de una tarjeta de crédito correspondientes al periodo de 2015 al 2016, los que identificaban expresamente tanto al Sr. De La Vega Trifilio como a la Sra. Fernández como titulares de la cuenta. Este hecho, lejos de favorecer la postura de la parte apelante, refuerza la presunción de gananciaidad de la deuda.

Posteriormente, durante la prueba testifical, el propio Sr. De La Vega Trifilio declaró que no fue hasta marzo de 2025 que se divorció de la Sra. Fernández, con quien mantuvo una relación matrimonial por treinta y nueve (39) años.[6] Más aún, admitió que a la fecha de su declaración no se había liquidado la Sociedad Legal de Bienes Gananciales.[7]

Cónsono con lo anterior, la deuda reclamada por la parte apelante se presume ganancial. Primero, al momento de la reclamación, la Sociedad Legal de Bienes Gananciales no había sido liquidada. Segundo, la parte apelante no demostró la existencia de un régimen de separación de bienes que rebatiera la presunción de gananciaidad, conforme exige nuestro ordenamiento jurídico.

---

[6] SUMAC del Tribunal de Apelaciones, Entrada Núm. 6, Anejo 1, pág. 35, L 5-9.
[7] *Íd.*, pág. 40, L 1-13.

Tercero y último, la parte apelante tampoco acreditó que se tratara de una deuda de carácter privativo adquirida por el Sr. De La Vega Trifilio con la anuencia de su cónyuge. Por tanto, como era una deuda ganancial, la Sra. Fernández ostentaba un interés apremiante sobre la obligación en cuestión y resultaba imprescindible incluirla como parte indispensable en el pleito. Más importante aún, al tratarse de una defensa irrenunciable por incidir sobre la jurisdicción del tribunal, el TPI no incurrió en el primer error señalado.

Ahora bien, la omisión de una parte indispensable, "aunque es motivo para desestimar el pleito, no constituye impedimento para que, a solicitud de la parte interesada, **el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida**, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma". *Deliz et al v. Igartua et al* 158 DPR 388,434 (2003). Es decir, el foro primario debió concederle la oportunidad a la parte apelante para acumular una parte indispensable, previo a desestimar. No obstante, dado a que el foro primario atendió dicho asunto luego de escuchar toda la prueba en el juicio en su fondo, y ante la totalidad de las circunstancias, procede la modificación de la *Sentencia,* a los fines de desestimar la causa de acción en lugar de declarar No Ha Lugar la *Demanda.*

Por último, en vista de que el presente recurso acarrea falta de jurisdicción por ausencia de una parte indispensable, es inmeritorio discutir los señalamientos dos y tres.

**IV.**

Por los fundamentos antes expuestos, modificamos la S*entencia* apelada a los efectos de desestimar la causa de acción en lugar de declarar No Ha Lugar la *Demanda.* Así modificada se confirma.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones